UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | **1:13-cr-89** |
| v. | ) | |
| | ) | **Judge Mattice/Carter** |
| | ) | |
| DEWAYNE CAMPBELL, | ) | |
| also known as "DOODLE BUG," | ) | |
| also known as "BUG" | ) | |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, Dewayne Campbell, and the defendant's attorney, Samuel Robinson, III, have agreed upon the following:

1. The defendant will plead guilty to the following count in the second superseding indictment:

Count 1: (LESSER INCLUDED OFFENSE) Conspiracy to distribute 28 grams or more or more of a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(B).

The punishment for this offense is as follows:

Count 1 (21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B))

Imprisonment of not less than 5 years and not more than 40 years; Supervised Release for at least 4 years and up to life; fine of up to $5,000,000; any lawful restitution; and a $100 Special Assessment.

2. In consideration of the defendant's guilty pleas, the United States agrees to move the Court at the time of sentencing to dismiss the remaining counts (9, 14, 15) against the defendant in this indictment.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crime(s) charged. The defendant is pleading guilty because the defendant is in fact guilty. In order to be guilty, the defendant agrees that each of the following elements of the crime(s) must be proved beyond a reasonable doubt:

Count 1 (21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B))

a. Two or more persons agreed to violate the federal drug laws, in this case to distribute cocaine base ("crack");

b. The defendant knew the essential objective of the conspiracy;

c. The defendant knowingly and voluntarily involved himself in the conspiracy;

d. The conspiracy involved 28 grams or more of cocaine base ("crack").

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

a) The Drug Enforcement Administration ("DEA"), the Tennessee Bureau of Investigation ("TBI"), the Chattanooga Police Department ("CPD"), the Federal Bureau of Investigation ("FBI") and other law enforcement agencies have been and are involved in a multi-year investigation of a large conspiracy to manufacture and distribute cocaine base ("crack") and cocaine in Chattanooga, Tennessee. As part of this investigation, law enforcement utilized many investigative techniques

such as: making controlled buys of cocaine base ("crack") and cocaine from targets, interviewing witnesses and cooperating defendants, surveilling multiple targets through physical surveillance as well as the use of covert cameras, and intercepting telephone conversations and text messages through a series of court-authorized wire intercepts. The defendant was intercepted on at least one of these wire intercepts.

b) On May 6, 2013, the CPD executed a search warrant on the defendant's residence and recovered approximately three ounces of cocaine base ("crack"). If this case proceeded to trial a drug expert with the DEA would testify that three ounces is a distribution amount of crack cocaine.

c) On July 24, 2013, the CPD arrested the defendant who was in possession of approximately 40 grams of cocaine and a firearm. The defendant admitted that he intended to sell the cocaine.

d) The defendant admits that during the time period alleged in the indictment he conspired with others to distribute 28 grams or more of cocaine base ("crack").

e) All of these events occurred in the Eastern District of Tennessee.

5. The defendant understands that by pleading guilty the defendant is giving up several rights, including:

a) the right to plead not guilty;

b) the right to a speedy and public trial by jury;

c) the right to assistance of counsel at trial;

d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

e) the right to confront and cross-examine witnesses against the defendant;

f) the right to testify on one's own behalf, to present evidence in opposition to the charges and to compel the attendance of witnesses; and

3

g)    the right not to testify and to have that choice not used against the defendant.

6.    The parties agree that the appropriate disposition of this case would be the following as to each count:

a)    The Court may impose any lawful term(s) of imprisonment, any lawful fine(s), and any lawful term(s) of supervised release up to the statutory maximum(s);

b)    The Court will impose special assessment fees as required by law; and

c)    The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s). The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

7.    Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the

4

defendant's offense(s), including violations of conditions of release or the commission of additional offenses prior to sentencing, the United States will be free not to make such motion or to withdraw such motion if already made, and will be free to recommend to the Court that the defendant not receive any offense level reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8.     The Department of Justice supports a proposed amendment to the Sentencing Guidelines that would lower the base offense level for most drug offenses by two levels. Although that amendment has not yet become law, the defendant seeks an immediate two-level reduction in his base offense level based on the proposed amendment.   The defendant agrees that, if the Court grants such a reduction, the defendant will not request any further reduction in his sentence pursuant to 18 U.S.C. § 3582(c).   In exchange for the defendant's waiver of his right to file a § 3582(c) motion, the United States will not object to defendant's request for an immediate two-level downward variance.

9.     The defendant agrees to pay the special assessment in this case prior to sentencing.

10.    The defendant agrees that the court shall order restitution, pursuant to any applicable provision of law, for any loss caused to:    (1) the victim(s) of any offense charged in this case (including dismissed counts); and (2) the victim(s) of any criminal activity that was part of the same course of conduct or common scheme or plan as the defendant's *charged* offense(s).

11.    Financial Obligations.   The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court.    The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately.    If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution.    The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by

5

the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

12. The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however,

and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

13. (a) In consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant agrees not to file a direct appeal of the defendant's conviction(s) or sentence except the defendant retains the right to appeal a sentence imposed above the sentencing guideline range or any applicable mandatory minimum sentence (whichever is greater) determined by the district court.

(b) In addition, the defendant knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the defendant's conviction(s) and/or resulting sentence. The parties agree that the defendant retains the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment.

14. This agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal

7

crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

15. The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. If additional terms are included in the Supplement, they are hereby fully incorporated herein.

16. This plea agreement constitutes the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

WILLIAM C. KILLIAN
UNITED STATES ATTORNEY

_5/12/14_
Date

By: _____
Christopher D. Poole
Assistant United States Attorney

_5/12/14_
Date

x _____
Dewayne Campbell
Defendant

_5/12/14_
Date

_____
Samuel Robinson, III
Attorney for the Defendant

8